■ In the Matter of STONY POINT POLICEMEN'S BENEVOLENT ASSOCIATION, INC., et al., Respondents, v JOHN SHANKEY et al., Appellants, et al., Respondent.—In a proceeding pursuant to CPLR article 78, seeking, *inter alia,* to enjoin John Shankey, Supervisor of the Town of Stony Point, from exercising the powers of the Police Commissioner of the Town of Stony Point, and to compel the Town Board of the Town of Stony Point to appoint the petitioner John Quinn to the position of sergeant in the town police department, the appeal is from an order of the Supreme Court, Rockland County (Coppola, J.), entered September 24, 1985, which, *inter alia,* vacated the appointment of John Shankey to the position of Police Commissioner, and directed that a hearing be held on the issue of whether a vacancy existed in the town police department as of April 9, 1985, for the position of sergeant.

Ordered that the notice of appeal filed herein is deemed an application for leave to appeal to this court, said application is referred to Justice Eiber, and thereupon the application is granted by Justice Eiber; and is further,

Ordered that the order is affirmed, without costs or disbursements.

In January 1984 John Shankey, Supervisor of the Town of Stony Point, was appointed by the Town Board to the position of Police Commissioner pursuant to Town Law § 150 (2). On April 9, 1985, the Town Board passed a resolution to appoint the petitioner John Quinn to the position of sergeant in the town police department, subject to the approval of the Rockland County Personnel Office. Shankey, acting in his apparent authority as Police Commissioner, refused to effectuate the Town Board's resolution. No action having been taken on the April 9, 1985 resolution, the petitioners commenced this proceeding seeking, *inter alia,* to compel the appointment of Quinn to the position of sergeant. The petitioners also claimed that Supervisor Shankey's appointment as the Police Commissioner violated Laws of 1936 (ch 526), known as "The Rockland County Police Act". Chapter 526 is a special statute providing for the establishment, organization and operation of police departments in towns of the first class, such as the Town of Stony Point in Rockland County. The statute affords Town Boards in Rockland County the option of appointing

either (1) three Police Commissioners or (2) one Police Commissioner and two members of the Town Board to serve on a police commission. There is no provision in chapter 526 which authorizes a Town Board to solely appoint one individual to serve as the Police Commissioner, as was done in this case. Special Term held that chapter 526 was applicable to the Town of Stony Point and vacated Supervisor Shankey's appointment as the Police Commissioner.

We find no merit to the appellants' contentions on this appeal that Laws of 1936 (ch 526) is unconstitutional and violates the equal protection clause of the United States and the New York State Constitutions (US Const 14th Amend; NY Const, art I, § 11). Special Term properly relied upon the presumption of legality which is applicable to legislative acts. The appellants' claims are based upon mere allegations of unconstitutionality unsupported by any authority or evidence demonstrating that the challenged statute has no rational basis (see, e.g., Montgomery v Daniels, 38 NY2d 41).

We also find no merit to the appellants' contention that chapter 526 is null and void and unconstitutional because it is not contained in any official codification of New York State statutes. Chapter 526 is contained in the publication properly issued by the Secretary of State, pursuant to Legislative Law § 45, of the laws passed in 1936 at the 159th Session of the New York State Legislature.

Finally, contrary to the appellants' assertions, Special Term correctly directed that a hearing be held to determine whether a vacancy existed in the town's police department as of April 9, 1985, for the position of sergeant sought by the petitioner John Quinn. The record indicates that a question of fact exists on this issue which cannot be determined upon the pleadings, affidavits and various documents submitted by the parties to this proceeding. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.